FILED

## United States District Court
## Northern District of Alabama
## Western Division

01 FEB 12 AM 10: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| Earl S. Wagner, | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-00-N-3297-W |
| James Taggart, Individually and in his official position as Commander-In-Chief of the Tuscaloosa County Jail; David Simpson, Individually and in his official capacity as Supervisor of the Tuscaloosa County Jail; and Tuscaloosa County, Alabama, | ] | |
| Defendant(s). | ] | |



ENTERED

FEB 12 2001

## Memorandum of Decision

### I.  Introduction

The plaintiff, Earl S. Wagner ("Wagner"), brings this action against defendants Tuscaloosa County, Alabama, James Taggart ("Taggart") and David Simpson ("Simpson"), by which he seeks redress under 42 U.S.C. § 1983 for alleged violations of certain federal rights, as well as the laws of the state of Alabama. The court has for consideration the motions of defendants Tuscaloosa County and Taggart to dismiss all claims against them, filed on December 11, 2000 (Doc. No. 7).[1] The motions will be **GRANTED** in all respects.[2]

### II.  Standard For Decision

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a

---

[1] Initially, Mr. Wagner sued only Tuscaloosa County and Deputy Taggart. In an amendment [Document No. 11] that was filed on January 11, 2001, he added claims against Deputy Simpson. The claims asserted against Simpson are substantially the same as those made against Taggart. Deputy Simpson moved to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. on February 2, 2001. Even though the plaintiff has not been afforded an opportunity to respond to Simpson's motion, the issues are identical to those raised in the Taggart motion and the result will be the same. For that reason, the court chooses not to go through the formality of allowing Wagner to respond. Rather, it will rule on both motions now.

[2] In responding to the motions, Taggart has conceded that his claims against the County of Tuscaloosa, Alabama, must be dismissed for failure to state a claim upon which relief can be granted. *See Turquitt v. Jefferson County*, 137 F.3d 1285 (11th Cir. 1998)



complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs., Inc.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc). The court's review, however, is circumscribed by the heightened pleading requirements in this circuit for actions brought under 42 U.S.C. § 1983. As the Eleventh Circuit has noted, "while Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his] complaint, this circuit, along with others, has tightened the application of Rule 8, with respect to § 1983 cases in order to weed out non-meritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim." *GJR Investments Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1367 (11th Cir. 1998) (citations omitted). Therefore, in resolving defendants' motions to dismiss, this court is guided by both the 12(b)(6) standard and the heightened pleading requirement applicable to such cases in this circuit.

### III. Allegations of the Complaint[3]

Defendants Taggart and Simpson are, respectively "Commander-In-Chief of the Tuscaloosa County Jail" and "Supervisor of the Tuscaloosa County Jail." Wagner asserts that Deputy Simpson "it is believed . . . was the supervisor in charge of the Tuscaloosa County Jail" at the time of the events made the basis of the action. On or about January 1, 1999, Wagner was arrested by an Alabama State Trooper and charged with speeding. After refusing to sign the speeding ticket, he was arrested for resisting arrest and was transported to the Tuscaloosa County Jail, where he was confined. During the period covered by his arrest, Wagner was taking prescribed medications for a heart condition and

---

[3] As noted in the text, these are the "facts" for purposes of this opinion only. They may not be the actual facts.

lower back problems. According to Wagner, although his medication was given to the jail staff, they placed him in a holding tank and refused his repeated requests for medication. In fact, after one such request, Wagner maintains that he was severely beaten by three male jailors. Eventually, the jailors located Wagner's medicine, gave it to him, and allowed him to leave the jail. Wagner was subsequently treated at a local hospital for multiple contusions.

With regard to defendant Taggart, Wagner alleges only that he "supervises and controls the actions of all employees, agents, and servants at the Tuscaloosa County Jail." Regarding defendant Simpson, he states that he "knew or should have known" that certain of his rights were being violated. He also states, "It was Defendant Simpson's duty to insure that the plaintiff was not physically abused by the staff employees."

## IV. Discussion

### A. Official Capacity Claims

Defendants maintain that Wagner's official-capacity claims are barred by the Eleventh Amendment to the United States Constitution. It is well settled that the Eleventh Amendment insulates a state from suit in federal court unless the state's immunity has been abrogated by the Congress or waived by the state. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1999); *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). It is the settled law of this circuit that Congress has not abrogated the Eleventh Amendment immunity in § 1983 suits and State of Alabama has not and cannot consent to being made a defendant in any court. *Carr*, 916 F.2d at 1525; *Alabama v. Pugh*, 483 U.S. 781 (1978).[4] Because Alabama law deems sheriffs "executive officers of the state," a lawsuit

---

[4] The Supreme Court has said,

> [T]here can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could

3

against a sheriff in his or her official capacity is, in essence, a lawsuit against the state of Alabama. *Id.* (*citing Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987)). Therefore, sheriffs are immune from claims brought against them in their official capacities. *Id.* The same is true of the Sheriff's deputies. *Carr*, 916 F.2d at 1526, and jailors. *Lancaster*, 116 F.3d at 1429-1430.

Thus, both Deputies Taggart and Simpson are entitled to dismissal of the claims against them insofar as those claims are against them in their official capacities. Accordingly, these claims are due to be dismissed as a matter of law.

### B. Individual Capacity Claims

#### 1. Federal Claims

Defendants argue, and the court agrees, that the § 1983 claims against Taggart and Simpson in their individual capacities are founded upon a respondent superior theory of liability and, for this reason, are due to be dismissed. In *Monell v. Dept. of Social Servs.*, 436 U.S., 658, 98 S. Ct. 2018, 46 L. Ed. 2d 611 (1978), the Supreme Court held that the theories of respondeat superior and vicarious liability may not be utilized in civil rights actions brought pursuant to § 1983. Instead, a public official may be held liable in a § 1983 action only if he had some personal participation in the alleged violation or there was a causal relationship between the conduct of such supervisory official and the alleged constitutional deprivation. *See Braddy v. Florida Dept. of Labor & Emp. Sec.*, 133 F.3d 797, 801 (11th Cir. 1998) (indicating that supervisory liability under § 1983 "must be based on something more than the theory of respondeat superior"). A "causal connection can be established when a history of widespread abuse puts the responsible official on notice of the need to correct the alleged deprivation, and he [she] failed to do so." *Brown v.*

---

be given under Art. I, sec. 14, of the Alabama Constitution, which provides that "the State of Alabama shall never be made a defendant in any court of law or equity."

*Alabama v. Pugh*, 438 U.S. 781, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978).

4

*Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). The Eleventh Circuit has described this standard as "extremely rigorous," *see Braddy*, 133 F.3d at 802, and satisfied only when the constitutional deprivations are "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Brown*, 906 F.2d at 671.

Applying these concepts to Wagner's claims against Taggart and Simpson, it is plain that the plaintiff cannot prevail. As the defendants point out, the complaint, as amended, alleges neither "personal participation" nor a "causal connection" between Taggart's actions and the constitutional deprivations of which Wagner complains. Instead, Wagner clearly seeks to hold the defendants vicariously liable for the alleged actions of their subordinates. This he cannot do. *Monell*, 438 U.S. at 691. Wagner's § 1983 claims against Taggart and Simpson in their individual capacities are due to be dismissed as a matter of law.

2. **State Law Claims**

When a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over other claims. 28 U.S.C. § 1367 (c)(3). Because the court exercises only supplemental jurisdiction over Wagner's claims for assault and battery it will decline to exercise that jurisdiction in favor of jurisdiction in the courts of the State of Alabama.

V. **Conclusion**

By a separate judgment to be entered contemporaneously herewith, all claims against defendant Tuscaloosa County will be **DISMISSED WITH PREJUDICE** and all claims against defendants Taggart and Simpson will be **DISMISSED WITHOUT PREJUDICE**. Should the plaintiff attempt to amend once more in an effort to cure the deficiencies noted here, he must do so within fifteen (15) days of the date on which this opinion and judgment are entered.

Done, this __4th__ of February, 2001.

                                                                                    _____
                                                                                    Edwin Nelson
                                                                                    United States District Judge